AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 2:23-mj-0115 JDP |
| SOPHONDARA HUN | ) | |
| | ) | |
| | ) | |
| _____ | | |
| *Defendant* | | |

**FILED**

**Aug 9, 2023**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ June 25, 2023 _____ in the county of _____ San Joaquin _____ in the
_____ Eastern _____ District of _____ California _____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

See Affidavit of ATF Task Force Officer Patrick High, attached hereto and incorporated by reference.

☒ Continued on the attached sheet.

_____
/s/ Patrick High
*Complainant's signature*

Patrick High, ATF Task Force Officer
*Printed name and title*

Sworn to me and signed telephonically.

Date: _____ August 9, 2023 _____

_____
*Judge's signature*

City and state:   Sacramento, California

Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick High, a Task Force Officer, Bureau of Alcohol, Tobacco, Firearms and Explosives, ("ATF") being duly sworn, state as follows:

## I.    INTRODUCTION AND AGENT BACKGROUND

1.    I am submitting this affidavit in support of my request for the issuance of a criminal complaint and arrest warrant against Sophondara Hun ("HUN") for a violation of 18 U.S.C. § 922(g)(1) (felon in possession of ammunition).

2.    I am a Detective with the Stockton Police Department.  I have been a sworn law enforcement officer in California since December of 2007.  In May 2020, I was cross designated as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), San Francisco Division, Stockton Field Office.  As a member of the ATF Violent Crime Task Force, I am responsible for investigating crimes related to firearms.

3.    During my assignment with ATF, I have participated in training and investigations related to the possession and manufacture of firearms in violation of Titles 18 and 26 of the United States Code. Prior to my assignment as a TFO with the ATF, I served in several investigative assignments including the homicide unit, narcotics unit, uniformed gang unit, United States Marshals Service, and the Stockton Police surveillance unit.

4.    I have received hundreds of hours of formal training with the Stockton Police Department, including the P.O.S.T. basic police academy, which I completed in 2007.  I have attended more than 500 hours of investigation-based classes, lectures, and seminars.  In addition to my classroom training, I have been involved in over 200 gang/narcotics/firearms-related investigations.  In my 15-year career in law enforcement, I have participated in all aspects of criminal investigations, including physical and electronic surveillance, executing search warrants, interviews, and arrests.  In addition to my classroom training, this practical experience has formed the basis of my opinions set forth below.

5.    As a result of my training and experience with the Stockton Police Department and the ATF, I am familiar with the State and Federal laws pertaining to firearms.  I know that it is unlawful under Title 18 of the United States Code for a convicted felon to possess a firearm or ammunition.

6.    In addition to my personal knowledge, this affidavit is based on (1) reports and files in this

1

case; (2) information I obtained from related investigations; (3) conversations with other law enforcement officers including oral and written investigative reports that I received directly or indirectly from other law enforcement officials; (4) a review of driver's license and automobile registration records; (5) records from various law enforcement databases, including but not limited to the National Law Enforcement Telecommunications System ("NLETS") and the National Crime Information Center ("NCIC"); (6) my training and experience as an ATF agent and/or; (7) the training and experience of other law enforcement officials with whom I consulted during this investigation and the preparation of this Affidavit.

7.      This affidavit does not set forth all my knowledge about this matter; it is intended to only show that there is sufficient probable cause for the requested warrant.

## II.      PROBABLE CAUSE

## JUNE 25, 2023, ARREST OF SOPHONDARA HUN BY STOCKTON POLICE DEPARTMENT

8.      According to police reports, on June 25, 2023, at approximately 3:06 a.m., Stockton Police Department Officers Orosco and Myers were dispatched to a report of a prowler at an apartment complex on Quail Lakes Drive, Stockton.  The reporting party stated a male with dread style hair was inside of her apartment after gaining entry through a window.

9.      When Officer Myers arrived at the apartment, he noted an open window as described by the reporting party.  When Officer Myers investigated the window, he observed a subject he knew to be Sophondara HUN sleeping on a bed in the apartment.  Officer Myers previously was assigned to the Stockton Police Department's Ceasefire Intervention Unit, which is where Officer Myers learned of HUN.

10.      HUN was a validated Panella Park Gangster Crips (PPGC) gang member.  HUN was on California State Parole for PC 594(b)(1) (vandalism).

11.      Other Stockton Police officers entered the front of the apartment after being let in by the resident.  They went to the bedroom where HUN was asleep and noted he was sleeping on top of a large bag that appeared to contain marijuana.  The officers approached HUN and placed him in handcuffs.

12.      HUN was then taken to a patrol vehicle.  A search of his person revealed a large sum of

2

U.S. currency in small denominations in the front left pants pocket.[1]  Stockton Police Officer Galvan removed the money from HUN's pocket and in doing so observed a .22 caliber bullet that fell to the ground.  Officer Galvan continued his search and in the right front pocket located two (2) additional .22 caliber bullets.  Again, Officer Galvan noted an additional .22 caliber bullet on the ground in front of HUN that was not previously there.  In total, four (4) .22 caliber unexpended bullets were recovered from HUN.  The four (4) unexpended rounds were stamped with "C."



**LOOSE .22 CALIBER AMMUNITION ON THE HOOD OF THE POLICE VEHICLE FOUND ON HUN'S PERSON**

13.     Officer Galvan told Officer Orosco of the presence of ammunition.  After learning of the ammunition Officer Orosco returned to the room where HUN was found and observed an open closet.  When he investigated the closet, he observed an Intratec, Tec 22, semi-automatic .22 caliber handgun with serial number 059323.  The gun was resting on top of some clothes on the floor of the closet.  The gun had an extended magazine that was translucent, and .22 caliber ammunition could be seen inside.

14.     An unexpended .22 caliber round was found in the action of the weapon, and an additional 20 unexpended rounds were found in the magazine.

///

///

---

[1] The cash recovered consisted of the following denominations: 1) seventeen one-dollar bills; 2) one two-dollar bill; 3) three five-dollar bills; 4) one ten-dollar bill; and 5) eight twenty-dollar bills.

AFFIDAVIT OF TFO Patrick High



| DISCOVERY OF .22 CALIBER HANDGUN FROM THE CLOSET AREA | .22 CALIBER HANDGUN AND MAGAZINE |
|---|---|

15.     Officers spoke to the reporting party who stated that she was inside her bedroom and when she woke up, she observed HUN standing in her room looking at her.  HUN turned and walked down the hall towards the other bedroom.  The reporting party indicated that she lived with her niece, J.A., and her niece's son, C.W.  However, no other individuals were inside the apartment at this time, as J.A. was out of town and J.A.'s child remained with other family members out of town.  The reporting party stated she had never seen her niece bring HUN over to the apartment and has never seen HUN before.  The reporting party further indicated that she does not own a gun and there were no guns in her apartment.

16.     HUN was arrested on drug and firearms related charges and transported to the San Joaquin County Jail, where he is currently in State custody.

17.     On or about June 28, 2023, officers assigned to the Evidence Section examined the Intratec, TEC-22, .22 caliber firearm with serial number 059323.  Following the inspection, Officer Santana test fired the weapon, and it did not function properly.  Officer Santana attempted to fire the weapon multiple times, but the gun did not fire.  Officer Santana listed the weapon as non-operational.

### III.     PROHIBITED PERSON STATUS

18.     A criminal history check revealed that HUN had been convicted of several crimes punishable by a term of imprisonment exceeding one year, including the following:

    a.  A 2015 felony conviction for California Vehicle Code 2800.2 (a), evade law enforcement in a vehicle.

    b.  A 2020 felony conviction for Penal Code Section 594(b)(1), vandalism.

    c.  A 2020 felony conviction for Penal Code Section 245(a)(2), assault on a person with a firearm.

    d.  A 2020 felony conviction for Penal Code 245 (a)(4), assault with a deadly weapon with great

4

bodily injury.

19.     All offenses were punishable by imprisonment for more than one year.  HUN was sentenced to more than a year in prison for these listed offenses.  Additionally, HUN had a served restraining order barring him from possession of firearms and ammunition.

### IV.     INTERSTATE NEXUS

20.     I contacted Special Agent (SA) Payton Smith, who is an Interstate Nexus Expert. Based upon examination of the photographs, in conjunction with the research, knowledge and experience of SA Payton Smith, he stated that the firearm and the four .22 caliber rounds of ammunition found on HUN's person were not manufactured in the State of California and therefore, moved in interstate commerce into the State of California.

### V.     CONCLUSION

21.     The above facts set forth probable cause to believe that Sophondara HUN violated Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition.  I request that a criminal complaint and arrest warrant be issued for HUN.

Respectfully submitted,

/s/ Patrick High
Patrick High
Task Force Officer
Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to me via telephone on:   August 9, 2023

Hon. Jeremy D. Peterson
U.S. MAGISTRATE JUDGE

/s/ Haddy Abouzeid
Approved as to form by AUSA HADDY ABOUZEID

5